IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NEETI KOHLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-17-542-C |
| | ) | |
| McGEE EYE SURGERY CENTER LLC, | ) | |
| and THE GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff brought the present action asserting claims against Defendants McGee Eye
Surgery LLC ("Surgery Center") and The Group, LLC ("The Group") based on race and
national origin in violation of 42 U.S.C. § 2000e, discrimination based on race in violation
of 42 U.S.C. § 1981, discrimination based on gender in violation of 42 U.S.C. § 2000e,
retaliation in violation of 42 U.S.C. § 2000e, and wrongful termination in violation of
Oklahoma public policy. Plaintiff alleges that during the course of her employment, she
was subject to discrimination and now she seeks to recover damages as compensation for
that wrongdoing.

Defendant The Group has filed a Motion to Dismiss relying on Fed. R. Civ. P.
12(b)(1) and Fed. R. Civ. P. 12(b)(6). The Group's 12(b)(1) Motion is premised on
Plaintiff's failure to exhaust her administrative remedies prior to pursuing a Title VII claim
against it. Initially, Defendant The Group notes it is unclear whether or not Plaintiff
intends to pursue her Title VII claims against it, as the allegations in her Complaint identify
The Group as a Defendant to only the § 1981 claim. However, after reviewing the

Complaint, it appears to the Court that Plaintiff intended to include Defendant The Group

within her allegations of Title VII violation.   Further, Plaintiff has responded to Defendant

The Group's Title VII argument in the Motion to Dismiss.   Therefore, the Court will

consider the arguments raised in Defendant The Group's Motion to Dismiss challenging

Plaintiff's ability to recover on these claims.

    1.   Jurisdiction over Defendant The Group

Defendant The Group's first challenge to Plaintiff's Title VII claims argues the

Court lacks subject matter jurisdiction because Plaintiff failed to exhaust her administrative

remedies prior to bringing these claims.   According to Defendant The Group, Plaintiff did

not name it as a respondent when bringing her charge of discrimination before the Equal

Employment Opportunity Commission.   In response, Plaintiff does not argue that she

included Defendant The Group as a respondent, but argues that the body of her

discrimination charge includes allegations against Defendant The Group and therefore it

should be clear that she included that entity as a respondent.

In the Tenth Circuit, "[e]xhaustion of administrative remedies is a 'jurisdictional

prerequisite' to suit under Title VII." Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir.

1996) (citation omitted).   Filing a charge of discrimination is also a jurisdictional

prerequisite under the Oklahoma Anti-Discrimination Act ("OADA"), 25 Okla. Stat.

§ 1350(B).   It is clear from the face of the charge in this matter that Defendant The Group

was not named as a respondent in the EEOC charge.   However, the charge did mention

The Group within its body and therefore the Court must determine whether that was

sufficient to put Defendant The Group on notice as to Plaintiff's claims against it.

The Tenth Circuit set out the factors to be considered in determining whether or not

a defendant who was identified within the body of the charge has a sufficient identity of

interest to satisfy the intention of Title VII that the defendant could be deemed to have had

notice of the charge and had the opportunity to attempt a conciliation.  See Romero v.

Union Pacific R.R., 615 F.2d 1303, 1311 (10th Cir. 1980).   Those factors are

> "1) whether the role of the unnamed party could through reasonable effort by
> the complainant be ascertained at the time of the filing of the EEOC
> complaint; 2) whether, under the circumstances, the interests of a named [sic]
> are so similar as the unnamed party's that for the purpose of obtaining
> voluntary conciliation and compliance it would be unnecessary to include the
> unnamed party in the EEOC proceedings; 3) whether its absence from the
> EEOC proceedings resulted in actual prejudice to the interests of the
> unnamed party; 4) whether the unnamed party has in some way represented
> to the complainant that its relationship with the complainant is to be through
> the named party."

Id. at 1312 (quoting Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977)).

Looking at the first factor, it is clear that Plaintiff understood the distinction between

Defendant The Group and Defendant Surgery Center, as in her charge she repeatedly made

allegations acknowledging the separate identities of those two entities.   As for the second,

Defendant The Group relies upon allegations in Plaintiff's Complaint, which acknowledge

a distinction between The Group and Surgery Center, arguing that Plaintiff clearly

understood the two entities were distinct and acted in distinct ways towards Plaintiff.   In

weighing this factor, the Court examines whether the interest between the two potential

3

Defendants are so similar that for the purpose of obtaining a voluntary conciliation compliance it would be unnecessary to include the unnamed party in the EEOC proceedings. The Court finds this factor weighs against Plaintiff. As noted above, it is clear that Plaintiff acknowledges that Defendants Surgery Center and The Group are distinct entities. It is also clear that she acknowledged her relationship as to each Defendant is different and that each Defendant played a different role in the alleged discrimination. Therefore, for purposes of determining whether or not the dispute could have been resolved through early conciliation or other process, it was incumbent upon Plaintiff to include The Group as a named respondent.

In examining the third factor, Defendant The Group argues that it was prejudiced because the EEOC determined that Surgery Center was not Plaintiff's employer and its absence from the EEOC proceedings precluded it from relying on that defense as well. The Court finds this factor at best neutral. Whether or not Defendant The Group would have been found not to be Plaintiff's employer in the EEOC process would have had no bearing on her ability to proceed with her claims in this action. While that fact may or may not have ultimately provided a defense to Defendant The Group, any such determination by the EEOC would not have been dispositive or binding on this Court. Therefore, the Court finds that the third factor is neutral.

As for the fourth factor, there is no evidence provided by either party from which it could be determined either Defendant The Group or Defendant Surgery Center indicated to Plaintiff that its relationship was to be through Defendant Surgery Center. Thus, this

factor weighs against Plaintiff.   After considering the factors set forth by the Tenth Circuit in Romero, the Court finds that Plaintiff is not entitled to an exception to the rule and her failure to name Defendant The Group in her EEOC charge is fatal to her Title VII claims.

Finally, the Court notes that a reading of the allegations set forth in the charge provides no assistance to Plaintiff in her quest to include Defendant The Group.   None of the allegations leveled against Defendant The Group supports a claim of discriminatory conduct by that entity.   Thus, there simply was nothing alleged in the charge of discrimination which would have put Defendant The Group on notice that Plaintiff was contemplating a Title VII claim against it.   As a result, Plaintiff failed to exhaust her administrative remedies as to this Defendant.

2.   Employed by Defendant The Group

The Court also notes that Plaintiff's Complaint does not at any point allege that she was an employee of The Group.   Her allegations of employment are directed only at Defendant Surgery Center.   To the extent that Plaintiff attempts to bolster the factual allegations in her Complaint with new factual allegations in her Response to the Motion to Dismiss, such an attempt to amend a complaint is impermissible.   See Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss").   See also Hayes v. Whitman, 264 F.3d 1017, 1025 (10th Cir. 2001) ("a court may not consider allegations or theories that are inconsistent with those pleaded in the complaint").   Because Plaintiff

5

has not alleged she was an employee of Defendant The Group, she cannot pursue a Title VII claim against that entity.

3.  Retaliation by Defendant Surgery Center

Plaintiff asserts that Defendant Surgery Center retaliated against her for engaging in protected activity. Defendant sets forth the following three elements, which a plaintiff must allege: "(1) she engaged in protected opposition to discrimination; (2) she suffered an adverse action that a reasonable employee would have found material; and (3) there is a causal nexus between her opposition and the employer's adverse action." Antonio v. Sygma Network, Inc., 458 F.3d 1177, 1181 (10th Cir. 2006) (citations omitted). Further, the United States Supreme Court has established that a plaintiff making a retaliation claim must "establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." Univ. of Tex. Sw. Med. Ctr. v. Nassar, ___ U.S. ___, 133 S.Ct. 2517, 2534 (2013).

Defendant Surgery Center argues that Plaintiff's Complaint fails to offer non-conclusory allegations sufficient to establish either the first or the third element. According to Defendant Surgery Center, none of the allegations in Plaintiff's Complaint demonstrates that she ever engaged in protected activity. Indeed, a review of Plaintiff's Complaint makes clear that while she certainly made complaints to Defendant Surgery Center about a number of perceived wrongs, none of those wrongs were unlawful discrimination. Therefore, those complaints cannot give rise to a claim for retaliation. "[A]n employee's complaints regarding unfair treatment, no matter how unconscionable,

cannot be 'protected opposition to discrimination' unless the basis for the alleged unfair treatment is some form of *unlawful* discrimination." Dean v. Computer Sci. Corp., 384 Fed. App'x 831, 838 (10th Cir. 2010) (quoting Petersen v. Utah Dep't of Corr., 301 F.3d 1182, 1188 (10th Cir. 2002)).

As for the third element, Defendant Surgery Center argues there is a lack of factual assertions demonstrating a causal connection between Plaintiff's protected opposition and the employer's adverse action. Indeed, the allegations in Plaintiff's Complaint identify only a single instance of protected activity which occurred in May of 2014.[1] Plaintiff's termination was in May of 2015. Because the allegations of protected activity occurred more than a year before her termination, they cannot provide any inference of a causal connection as a matter of law. See Anderson v. Coors Brewing Co., 181 F.3d 1171, 1179 (10th Cir. 1999) (a temporal proximity of three months, standing alone, is too attenuated to support an inference of causal connection).

Finally, Defendant Surgery Center argues that Plaintiff failed to demonstrate that the persons responsible for making a decision to end her relationship with Defendant had any knowledge of her protected activity. See Hinds v. Sprint/United Mgmt. Co., 523 F.3d 1187, 1203 (10th Cir. 2008) ("To establish the requisite causal connection between [her] protected conduct and termination, [plaintiff] must show that [defendant] was motivated to

---

[1] As Defendant Surgery Center notes, to call the May 2014 complaint a challenge to protected activity requires a very broad reading. However, for purposes of resolving the current Motion, the Court will construe the email as sufficient.

terminate [her] employment by a desire to retaliate for [her] protected activity.  As a prerequisite to this showing, [plaintiff] must first come forward with evidence from which a reasonable factfinder could conclude that those who decided to fire [her] had knowledge of [her] protected activity.") (internal citations omitted).

The Court finds Defendant Surgery Center's arguments related to Plaintiff's failure to plead facts to support a prima facie case of retaliation well supported.  Plaintiff's Complaint, while lengthy, simply fails to provide well-supported factual allegations sufficient to demonstrate a prima facie of retaliation.  Accordingly, this claim will be dismissed without prejudice.

4.  Inadequate Factual Allegations of Discrimination

Both Defendant The Group and Defendant Surgery Center challenge the adequacy of Plaintiff's allegations of discrimination.  Both Defendants argue that Plaintiff offers nothing more than conclusory assertions of wrongdoing.

The Tenth Circuit has set forth the governing standard for examining a Title VII complaint when facing a Motion to Dismiss pursuant to Rule 12(b)(6).

> The [United States Supreme] Court explained two principles underlying the . . . standard [for deciding a 12(b)(6) motion]:  (1) when legal conclusions are involved in the complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions," [Ashcroft v.] Iqbal, 129 S.Ct. [1937] at 1949 [2009], and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," id. at 1950.  Thus, mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice. [Bell Atl. Corp. v.] Twombly, 550 U.S. [544] at 555, 127 S.Ct. 1955 [2007]. Accordingly, in examining a complaint under Rule 12(b)(6), we will

disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.

Khalik v. United Air Lines, 671 F.3d 1188, 1190-91 (10th Cir. 2012).

Defendants argue that when this standard is applied to Plaintiff's Complaint, it must be dismissed, as she has failed to provide any non-conclusory statements which would support a claim for discriminatory conduct.

Plaintiff's Complaint indeed offers a number of paragraphs which purport to support her ongoing concerns related to adverse employment action occurring during her relationship with Defendants Surgery Center and/or The Group. However, when examined closely, it is clear that none of these allegations provides any factual basis; rather they are simply conclusory allegations of Plaintiff's supposition or belief. Indeed, after reviewing Plaintiff's Complaint, the Court finds it fails to allege any claims of discrimination in a nonconclusory fashion. A few examples of the conclusory nature of Plaintiff's allegations are as follows:

> 47.   Dr. Kohli asserts that Defendants' failure to address the serious concerns, and the condescending attitude was based, at least in part, on a negative view of Dr. Kohli's race, national origin, and gender, and/or in retaliation for opposing unlawful discrimination practices in the workplace. Specifically, Defendants [sic] response to Dr. Kohli demonstrate an attitude that, as an Asian Indian female, Dr. Kohli was subservient and that she should be willing to serve them unquestioningly. Moreover, Defendants [sic] dismissive, hostile attitude and failure to take corrective action, fostered an environment in which complaints of unlawful treatment were strongly discouraged.

> 100.  Practices such as those described above demonstrate the different and less favorable treatment Dr. Kohli experienced in comparison to male and/or non-Asian Indian employees.

104.   The employer's unlawful conduct toward Dr. Kohli was so severe and/or pervasive that it created a work environment that a reasonable person would consider intimidating, hostile, and/or abusive.

105.   One or more factors motivating the decision to terminate Dr. Kohli, either separately, together, or in combination with other factors, was Dr. Kohli's race, national origin, gender, and retaliation for complaining of discrimination.

(P's Compl., Dkt. No. 1.).

Despite the lengthy nature of Plaintiff's Complaint (32 pages and 136 individual paragraphs), she fails to provide any fact-based allegations support supporting her claim that she was subjected to a discriminatory environment based upon her race, national origin, or gender.   Thus, Plaintiff's claims for violation of Title VII and § 1981, will be dismissed for failure to state a claim.

   5.   Time-Barred Claims

According to Defendant Surgery Center, Plaintiff's Title VII claims which occurred prior to January 15, 2015, are time-barred and any claims Plaintiff brings pursuant to the OADA that occurred before May 20, 2015, are time-barred.

To state a valid Title VII claim, Plaintiff must file an administrative charge within 300 days "after the alleged unlawful employment practice occurred."   42 U.S.C. § 2000e-5(e)(1).   Any claims brought under the OADA must be filed within 180 days of the alleged discriminatory act.   See 25 Okla. Stat. § 1502(A).   Here, Plaintiff alleges she

filed her charge of discrimination on November 16, 2015.[2]   According to Defendant,

therefore, any discriminatory act that occurred prior to January 20, 2015, is time-barred

under Title VII, and any act that occurred prior to May 20, 2015, is time-barred under the

OADA.   Plaintiff argues that the prior acts are relevant to her discrimination charge and

therefore must be considered as evidence of the environment in which she worked.

While Defendant's argument accurately states the law in general, it improperly

seeks to impose a time limitation of discrete acts of discrimination into a hostile work

environment claim.   As the Supreme Court stated in National Railroad Passenger Corp. v.

Morgan, 536 U.S. 101 (2002), "[a] hostile work environment claim is composed of a series

of separate acts that collectively constitute one 'unlawful employment practice.'"   Id. at

117 (quoting 42 U.S.C. § 2000e-5(e)(1)) .   The Court went on to state, "[i]t does not

matter, for purposes of the statute, that some of the component acts of the hostile work

environment fall outside the statutory time period.   Provided that an act contributing to the

claim occurs within the filing period, the entire time period of the hostile environment may

be considered by a court for the purposes of determining liability."   Id.   This Court's role

then "is to determine whether the acts about which [Plaintiff] complains are part of the

same actionable hostile work environment practice, and if so, whether any act falls within

the statutory time period."   Id. at 120.

---

[2] Defendant contests this date, arguing the charge was not filed until January 27, 2016; however, for purposes of this Motion, the Court will accept Plaintiff's allegation as true.

In examining the allegations in Plaintiff's Complaint, it is clear that the acts occurring prior to the dates as argued by Defendant are all related to her hostile work environment claim. According to Plaintiff, it is the alleged wrongful termination that was the final act of the hostile work environment. Therefore, to the extent Defendant seeks dismissal of Plaintiff's Title VII claims as time-barred, its Motion will be denied. However, to the extent Plaintiff would seek to prosecute any of the acts occurring prior to the dates set forth by Defendant as discrete claims, those claim are indeed time-barred and may not be pursued; they may only be relied upon as acts in furtherance of Plaintiff's claim of a hostile work environment.

6. Public Policy Claim

Finally, Defendant Surgery Center attacks Plaintiff's claim for wrongful termination against public policy, noting that the OADA provides the exclusive remedy for claims of discrimination under Oklahoma law and expressly abolishes all other common law claims. See 25 Okla. Stat. §§ 1101(A), 1350(A). It is unclear from the allegations set forth in Plaintiff's Complaint whether she brings her wrongful termination against public policy claim based upon the termination as a result of alleged discriminatory acts or whether she simply argues that she was wrongfully terminated in a manner that violated Oklahoma's public policy. Under either scenario, her Complaint is insufficient to state a claim for relief. To the extent she seeks to assert a public policy wrongful termination claim premised on the alleged discriminatory acts, such a claim is barred, as noted by Defendant Surgery Center. To the extent she seeks to pursue some other type of public policy claim,

she has failed to identify the public policy which was allegedly violated by her termination.

Thus, Defendant Surgery Center's Motion to Dismiss this claim will be granted.

## CONCLUSION

For the reasons set forth herein, the Motion to Dismiss of Defendant The Group, LLC (Dkt. No. 8); and Defendant McGee Eye Surgery Center LLC's Motion to Dismiss (Dkt. No. 15) are GRANTED.   Plaintiff's Complaint is DISMISSED without prejudice. To the extent Plaintiff wishes to amend her Complaint to pursue a claim against either Defendant, she must file her Amended Complaint within twenty days of the date of this Order.

IT IS SO ORDERED this 7th day of August, 2017.


ROBIN J. CAUTHRON
United States District Judge